UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ANDRE PATTERSON,<br>also known as,<br>JANIAH MONROE,<br>    Plaintiff,<br><br>v.<br><br>LATOYA HUGHES, et al.,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. 3:25-cv-3166-SEM-DJQ<br>)<br>)<br>) |

## MERIT REVIEW ORDER

**SUE E. MYERSCOUGH, United States District Judge:**

On June 9, 2025, Plaintiff *pro se* Andre Patterson, also known as Janiah Monroe, filed a Complaint (Doc. 1) under 42 U.S.C. § 1983. Because Plaintiff's Complaint was unsigned, the Court directed Plaintiff to file a signed Complaint pursuant to Federal Rule of Civil Procedure 11. On June 12, 2025, Plaintiff filed a signed Amended Complaint, which was docketed as a Motion for Leave to File Amended Complaint (Doc. 6). Plaintiff's Motion is granted. Plaintiff's Amended Complaint is now before the Court for screening. Plaintiff has also filed a Motion to Request Counsel (Doc. 4).

For the following reasons, the Court finds that Plaintiff may proceed on an Eighth Amendment excessive force claim against Defendants Bartel and Cox, a failure to protect claim against Defendant Lucas, and a failure to intervene claim against Defendant Cox. The remaining Defendants are dismissed for failure to state a claim. Plaintiff's request for counsel denied at this time.

## I. Screening Standard

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing the complaint, the Court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is

plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## II. Facts Alleged

At all times relevant to her Amended Complaint, Plaintiff was an inmate at Logan Correctional Center ("Logan").

Plaintiff's suit names as Defendants Illinois Department of Corrections ("IDOC") Director Latoya Hughes, Chief of the Women's Division Melinda Eddy, Warden Long, and Correctional Officers Cox, Bartel, and Lucas.

On May 26, 2025, Plaintiff was on suicide watch in unit 41, wing A, cell #1. Plaintiff alleges Defendant Cox was assigned as her constant watch officer. Defendant Bartel was assigned to watch another inmate nearby. Defendant Bartel allegedly made a derogatory remark when Plaintiff asked Defendant Cox what time it was. Plaintiff alleges she asked Defendant Bartel to stop talking to her. Defendant Bartel allegedly responded by calling Plaintiff a "bitch" and threatened to open Plaintiff's cell door and "beat [Plaintiff's] faggot ass." (Doc. 6 at 1).

Defendant Bartel allegedly left his post as a constant watch officer, went into the hallway, and got the keys to Plaintiff's cell from Defendant Lucas. Plaintiff claims Defendant Lucas was not authorized to have the keys.

When Defendant Bartel returned to Plaintiff's cell with the keys, Defendant Bartel asked Defendant Cox to step aside, opened Plaintiff's cell door, and physically assaulted Plaintiff. Defendant Bartel allegedly tried to break Plaintiff's neck by hitting the back of her neck with his elbows. Plaintiff also claims Defendant Bartel shoved her face into a mattress on the floor. Plaintiff told Defendant Bartel she could not breathe, but Defendant Bartel allegedly said he did not care and tried to kill Plaintiff. Plaintiff alleges Defendant Cox also participated in the assault. Defendant Cox allegedly grabbed and "slammed" Plaintiff and held Plaintiff while Defendant Bartel kneed her in the face. (Doc. 6 at 6). Plaintiff alleges she suffered knots on her head and face, broke a toe, and cut her leg.

Plaintiff alleges Defendants Cox and Lucas failed to protect her because they allowed Defendant Bartel to get keys and open the cell door to assault her.

Plaintiff also claims Defendants Hughes, Eddy, and Long failed to protect her "because they were aware that Plaintiff has been targeted for being a trans woman in a female prison." *Id.*

### III. Analysis

To state an excessive force claim, Plaintiff must show that the force was applied maliciously and sadistically, not in a good faith effort to maintain or restore discipline. *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). This is so, as prison officials considering the use of force must balance the threat presented to inmates and prison officials against the possible harm to the inmate against whom the force is to be used. *Id.* at 320. "[W]hile a plaintiff need not demonstrate a significant injury to state a claim for excessive force under the Eighth Amendment, 'a claim ordinarily cannot be predicated on a *de minimis* use of physical force.'" *Outlaw v. Newkirk*, 259 F.3d 833, 837–38 (7th Cir. 2001) (internal citations omitted). The

Court must balance the amount of the force used against the need for the force. If no force is necessary, even *de minimis* force may not be used. *Reid v. Melvin*, 695 F. App'x 982, 983-84 (7th Cir. 2017). Plaintiff adequately alleged Defendants Bartel and Cox used excessive force against her when they allegedly physically assaulted and injured her on May 26, 2025.

The Court notes a failure to intervene claim can be distinct from a failure to protect claim. *Dwyer v. Neal*, 2022 WL 462017, at *23 (N.D. Ind. Feb. 15, 2022). Prison officials have a duty to "take reasonable measures to guarantee the safety of the inmates." *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). Therefore, to state a failure to protect claim, a plaintiff-inmate must claim (1) "he is incarcerated under conditions posing a substantial risk of serious harm," and (2) defendant-officials acted with "deliberate indifference" to that risk. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005). On the other hand, an officer may be liable for a failure to intervene claim "if any constitutional violation has been committed by a law

enforcement official; and the officer had a realistic opportunity to intervene to prevent the harm from occurring." *Abdullahi v. City of Madison*, 423 F.3d 763, 774 (7th Cir. 2005) (quotation marks and citations omitted).

Plaintiff's allegations are sufficient to state a failure to protect claim and a failure to intervene claim against Defendant Cox. Plaintiff alleges Defendant Cox heard Defendant Bartel threaten to beat her, stepped aside when Defendant Bartel returned to Plaintiff's cell with the keys, and allowed Defendant Bartel to enter the cell. Defendant Cox then witnessed Defendant Bartel assault Plaintiff, did not intervene, and even participated in the assault.

Construing Plaintiff's allegations liberally, the Court also finds that Plaintiff's allegations are sufficient to proceed on a failure to protect claim against Defendant Lucas, who allegedly gave Defendant Bartel the keys to open Plaintiff's cell, even though Defendant Lucas was unauthorized to do so. Plaintiff's allegations are insufficient to proceed on a failure to intervene claim against Defendant Lucas, however, as Plaintiff does not

allege that Defendant Lucas witnessed or was aware of the physical altercation.

Plaintiff's allegations are insufficient to state a failure to protect claim against Defendants Hughes, Eddy, and Long. In a conclusory fashion, Plaintiff alleges they knew she had been targeted for being a trans woman in a female prison. Section 1983 does not allow actions against individuals based on their supervisory role of others. Individual liability under § 1983 can only be based upon a finding that the defendants caused the deprivation alleged. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). Defendants Hughes, Eddy, and Long are dismissed without prejudice for failure to state a claim.

### IV. Request for Counsel

Plaintiff has also filed a Motion to Request Counsel (Doc. 4). A pro se litigant has no right to counsel in a civil case. *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). However,

the federal statute authorizing in forma pauperis status provides a court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. 1915(e)(1). A court does not have the authority to require an attorney to accept pro bono appointments in civil cases. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007).

When considering a request for counsel by a *pro se* litigant the Court undertakes a two-part inquiry: (1) whether the plaintiff made a reasonable attempt to obtain counsel or has been effectively precluded from doing so, and, if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it herself. *Pruitt*, 503 F.3d at 655.

As to the first inquiry, plaintiffs normally make this showing by filing copies of letters sent to several attorneys seeking assistance, along with copies of the responses they received from the attorneys they contacted. *See Olson*, 750 F.3d at 711. Plaintiff did not do so, nor did she include any other information suggesting that she made any attempts to obtain counsel. Because Plaintiff has not satisfied this first,

threshold requirement, her Motion to Request Counsel is DENIED.

**IT IS THEREFORE ORDERED:**

1) **According to the Court's Merit Review of Plaintiff's Amended Complaint under 28 U.S.C. § 1915A, Plaintiff has alleged enough facts to proceed on an Eighth Amendment excessive force claim against Defendants Bartel and Cox, a failure to protect claim against Defendants Lucas and Cox, and a failure to intervene claim against Defendant Cox. Additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

2) **The Clerk is directed to add Correctional Officer Cox as a Defendant in this matter.**

3) **The Clerk is directed to dismiss Defendants LaToya Hughes, Melinda Eddy, and Long as Defendants in this matter.**

4) **Plaintiff's Motion for Leave to File Amended Complaint [6] is GRANTED. The Clerk is directed to file Plaintiff's Amended Complaint.**

5) **Plaintiff's Motion to Request Counsel [4] is DENIED without prejudice.**

6) **This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions, to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit**

evidence to the Court unless otherwise directed by the Court.

7) The Court will attempt service on Defendants by mailing a waiver of service. Defendants have sixty days from service to file an Answer. If Defendants have not filed an Answer or appeared through counsel within ninety days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

8) Defendants shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an Answer. The Answer should include all defenses appropriate under the Federal Rules. The Answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to an Answer is necessary or will be considered.

9) This District uses electronic filing, which means that, after Defendants' counsel has filed an appearance, counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Therefore, Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendants' counsel. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Instead, Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to

compel. Discovery does not begin until Defendants' counsel has filed an appearance, and the Court has entered a scheduling order, which will explain the discovery process in more detail.

10) If a Defendant no longer works at the address provided by Plaintiff, the entity for whom Defendant worked while at that address shall submit to the Clerk Defendant's current work address or, if not known, Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

11) Defendants' counsel is granted leave to depose Plaintiff. Defendants' counsel shall arrange the time for the deposition.

12) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in the dismissal of this case with prejudice.

13) If a Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendant and will require Defendant to pay the total costs of formal service under Federal Rule of Civil Procedure 4(d)(2).

14) The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.

15) **The Court directs the Clerk to attempt service on Defendants under the standard procedures.**

ENTERED October 7, 2025.

s/ *Sue E. Myerscough*
_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
